UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS WAMALWA KIBUNGUCHY,<br><br>Petitioner,<br><br>v.<br><br>SMY SHNIDER, et al.,<br><br>Respondents. | No. 2:20-cv-0495 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a former state prisoner proceeding pro se. He is currently on parole at Atascadero State Hospital ("ASH"). Petitioner originally filed this action as a habeas petition. (ECF No. 1.) He also filed a motion to proceed in forma pauperis. (ECF No. 7.) Shortly thereafter, petitioner filed a civil rights complaint. (ECF No. 9.) A review of both pleadings shows that this case is more appropriately a civil rights case. However, for the reasons set forth below, plaintiff's claim is not cognizable under 42 U.S.C. § 1983 and should be dismissed without leave to amend.

**IN FORMA PAUPERIS**

Petitioner filed a motion to proceed in forma pauperis which, while not entirely clear, indicates he has sufficient funds to pay the filing fee in this action. (ECF No. 7.) In order to proceed in forma pauperis, a party must demonstrate he is unable to pay the costs of the suit. 28 U.S.C. § 1915(a). However, this court will not require petitioner to either pay the filing fee or file

an amended motion to proceed in forma pauperis because it recommends this action be dismissed without leave to amend.

## SCREENING

In his habeas petition, petitioner indicated that he was complaining that the California Medical Facility ("CMF"), where he was previously incarcerated, withdrew more money from his prison trust account for restitution than permitted by law. Petitioner also mentioned accommodations for disabled prisoners, among other things. (ECF No. 1.) In his civil rights complaint, petitioner makes clear that the basis for his action is his contention that CMF withdrew too much money from his trust account. Petitioner alleges that "[r]estitution is 55% of your money not the whole amount and they took from me the whole amount." He also indicates CMF used a charge for property damage to justify taking petitioner's money. Petitioner identifies "the Warden at CMF Mrs. Banks and the SMU vice president Mrs. Shinder" as defendants. For relief, petitioner seeks "the full amount recalculated onto my books" and $5,000 in damages. (ECF No. 9.)

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Petitioner does not challenge his confinement and does not seek speedier release. Rather, petitioner appears to be alleging a violation of his civil rights and § 1983 is a more appropriate vehicle for this action. Accordingly, this court screens petitioner's complaint as a civil rights action.

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Does Petitioner State a Claim Cognizable under § 1983?**

Plaintiff alleges that defendants made unauthorized restitution deductions from his inmate trust account. Even assuming plaintiff's allegations are true, plaintiff is advised that the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. Plaintiff is advised that the California Legislature has provided a remedy for tort claims against public officials in California Government Code, §§ 900, et seq.

Moreover, even if plaintiff alleged that defendants made authorized restitution deductions from his inmate trust account, he is advised that the United States Supreme Court has held that an authorized deprivation of property pursuant to prison regulations is valid if reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987). The Ninth Circuit has held that California Penal Code § 2085.5, which requires the Director of the California Department of Corrections and Rehabilitation to make deductions from prisoner wage and trust account deposits for payment of restitution obligations, is rationally related to legitimate state interests in compensating crime victims. See Craft v. Ahuja, 475 F. App'x 649, 650 (9th Cir. 2012); see also Abney v. Alameida, 334 F. Supp. 2d 1221, 1232 (S.D. Cal. 2004) ("Plaintiff has not, and cannot, allege that the deduction of money to satisfy the victim restitution order is not a legitimate interest of the State of California.").

Therefore, plaintiff's complaint fails to state a claim for relief under the Fourteenth Amendment. See Craft, 475 F. App'x at 650-51 (district court properly dismissed substantive and procedural due process claims based on restitution deductions from an inmate trust account); Abney, 334 F. Supp. 2d at 1231-32 (allegations regarding deductions from prisoner's trust account to satisfy restitution order whether authorized or unauthorized by state law fail to state a

////

1 claim for violation of substantive and procedural due process rights).  Because plaintiff's claim is
2 thus not cognizable under § 1983, it should be dismissed.

3 **III.  No Leave to Amend**

4 "A district court should not dismiss a pro se complaint without leave to amend unless 'it is
5 absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Rosati
6 v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting Akhtar v. Mesa, 698 F.3d 1202, 1212
7 (9th Cir. 2012)).  This court finds that amendment would be futile because, as discussed above, it
8 is clear that plaintiff is unable to state a claim for relief arising from the taking of money from his
9 inmate trust account, whether authorized or unauthorized, to pay his restitution fine.  Because any
10 amendment would be futile, this court finds it appropriate to decline to grant leave to amend.  See
11 Newland v. Dalton, 81 F.3d 904, 907 (9th Cir. 1996) ("While Fed. R. Civ. P. 15(a) encourages
12 leave to amend, district courts need not accommodate futile amendments."); Cahill v. Liberty
13 Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not an abuse of
14 discretion where further amendment would be futile).

15 For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to randomly
16 assign a district judge to this case.

17 Further, IT IS RECOMMENDED that this action be dismissed for petitioner's failure to
18 state a claim upon which relief may be granted.

19 These findings and recommendations will be submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after
21 being served with these findings and recommendations, petitioner may file written objections
22 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
23 and Recommendations."  Petitioner is advised that failure to file objections within the specified
24 ////
25 ////
26 ////
27 ////
28 ////

5

time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 6, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/kibu0495.scrn no LTA

6